JOHN J. DISKON, PROSECUTOR, v. JOSEPH BUBB.

Submitted December 2, 1915—Decided February 28, 1916.

1. Under the Workmen's Compensation act of 1911, as amended by chapter 174 of the laws of 1913 (*Pamph. L.*, p. 302), if the award of weekly payments is to be commuted it should be done on the basis of the present value of the award.

2. A finding of facts in a proceeding under the Workmen's Compensation act should be specific as to the nature and extent of the injuries, so that the reviewing court may be enabled to judge of the propriety of the award as supported by the facts found

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Humphreys & Sumner.*

For the defendant, *Ward & McGinnis.*

The opinion of the court was delivered by

PARKER, J. This was a workmen's compensation case in which there were two hearings and two awards. The petitioner claimed total and permanent disability. At the first hearing the court said it could not at that time determine whether the disability was total and permanent, but that it would at least continue for two hundred weeks, and made an award accordingly which was commuted to a lump sum. The court further announced that after a year the petitioner would be at liberty to make a further application in respect to the matter of total and permanent disability. At the end of the year such application was made, and after various adjournments there was a hearing and finding by the court that there was no substantial improvement, that the testimony of the petitioner and the physicians was in substance that the injuries which said petitioner received were total in character and permanent in quality, and that therefore the petitioner

was entitled to the full compensation allowed by law, to wit, four hundred weeks, which after crediting the two hundred weeks already paid, left unpaid a balance of two hundred weeks at the rate of six dollars per week, and that such payment of the two hundred weeks should begin on the 14th day of November, 1914.

The original award was made May 12th, 1913, just eighteen months previously, and the point is now made that it was erroneous for the court to prescribe that the weekly payments on the second award should begin at a period less than two hundred weeks from the date of the first award. As to this we think that prosecutor is clearly right. If the award of weekly payments is to be commuted at all, it should be commuted on the basis of the present value of the award. *Pamph. L.* 1913, *ch.* 174, *p.* 302. If there had been no commutation, the first two hundred payments of $6 each would have been paid weekly over a period of two hundred weeks, and the second two hundred payments of $6 each would not have begun until after the expiration of that two hundred weeks. If it was proper to commute the two hundred payments without reference to future payments, at least the commutation of payments was extended over two hundred payments, or about four years, and therefore the subsequent requirement that the payments of the second two hundred should begin only eighteen months after the original finding was to require that each one of the two hundred payments of $6 each should be paid about two years and a half before it was really due under the terms of the statute. The increased burden of such a claim upon the prosecutor is a matter of pure arithmetical computation, and amounts to a substantial sum; for the present value of $6 due only after two and one-half years, is, on a five per cent. basis, about $5.33, a difference of about sixty-seven cents per payment; or, on two hundred payments, $133.33.

It is further urged that the judge made no specific finding as to the character of the injuries from which he deduced the conclusion that the injury was total in character and permanent in quality. This point is also well taken. The

original determination in May, 1913, contains no finding, except that the extent and character of the injuries were uncertain and could not be safely determined at the present time; the finding in November, 1914, was that there was no substantial improvement physically, and that the testimony of the petitioner and physicians was in substance that the injuries were total in character and permanent in quality. As we said in *Long* v. *Bergen Common Pleas,* 84 *N. J. L.* 117: "The statement of facts should be specific as to the nature and extent of the injuries so that the reviewing court may be enabled to judge of the propriety of the award as supported by the facts found."

We find no legal error in the fact that the determination was postponed for more than thirty days, as the requirement of the statute in that regard seems to be directory only; nor is there any legal error in the award of $125 counsel fee generally, for in the contemplation of the statute this is to be paid from the award. There is nothing in the record before us that intimates any contrary purpose. For the reasons above given, that the findings of fact are not specific, and that the weekly payments were required to begin at a date not authorized by law, the judgment of the court below is reversed and the case remanded for a finding in accordance with law.